OPINION
JOE SPURLOCK, II, Justice.
Appellant, James Knox Hill, was charged by complaint and information with the offense of driving while intoxicated alleged to have occurred on June 23, 1983. See TEX.REV.CIV.STAT.ANN. art. 6701/-1 *600 (Vernon Supp.1986). Hill pled guilty to the trial court without a jury. The trial court deferred entering an adjudication of guilt and placed Hill on probation for a period of twelve months. A motion to revoke probation was filed by the State and following a hearing, the trial court revoked Hill’s probation, proceeded to an adjudication of guilt and assessed his punishment at a fine of $300.00 and 365 days in the county jail of Parker County, Texas.
We dismiss the appeal.
Hill’s sole ground of error contends that the trial court abused its discretion in revoking his probation in that the trial court did not first adjudicate his guilt pursuant to a motion of the State. Hill argues that since the State failed to file a motion to proceed to adjudication of guilt, his initial conviction was not finalized. He further argues that the trial court abused its discretion and violated his due process rights by sentencing him to imprisonment without first adjudicating his guilt pursuant to a motion by the State. Hill’s argument is that the State had to file a motion to proceed to adjudication of guilt and that the trial court could not proceed to adjudicate his guilt without such a motion being filed.
The trial court acted pursuant to TEX. CODE CRIM.PROC.ANN. art. 42.13, sec. 3d (Vernon Supp.1985), repealed by Act of Sept. 1, 1985, ch. 427, sec. 3, 1985 Tex.Sess. Law Serv. 2958 (Vernon), in effect at the time of Hill’s first trial, in deferring his adjudication. Misdemeanor Adult Probation and Supervision Law, ch. 654, sec. 1, 1979 Tex.Gen.Laws 1514, 1516, amended by, Act of June 12, 1981, ch. 544, sec. 2, 1981 Tex.Gen.Laws 2263. At that time, sec. 3d(b) provided:
(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant’s appeal continue as if the adjudication of guilt had not been deferred. [Emphasis added.]
Id. Neither sec. 3d(b) nor sec. 8 required that the defendant have his probation revoked and be adjudicated guilty pursuant to a motion made by the State. In fact, pursuant to sec. 8, the trial court upon its own motion could issue a warrant for the defendant’s arrest and proceed to adjudicate his guilt. Id. at 1519. We find nothing in art. 42.13 that required the State to file either a motion to revoke or a motion to proceed to adjudicate guilt before the trial court could proceed with an adjudication of guilt on the original charge. Further, it has consistently been held that under the terms of the statute “no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge.” Contreras v. State, 645 S.W.2d 298 (Tex.Crim.App.1983). Hill’s appeal must, therefore, be dismissed.